State of Missouri, Respondent, *v.* William McDonald, Appellant.

October 28, 1879.

A street-car conductor who forcibly ejects a passenger from the car, under the honest belief that the passenger's fare has not been paid, is not liable in a criminal prosecution for the assault.

Appeal from St. Louis Court of Criminal Correction. *Reversed and remanded.*

J. G. Lodge, for appellant.

M. W. Hogan, for respondent.

Lewis, P. J., delivered the opinion of the court.

The defendant, a car-driver and conductor on the Lindell Railway, was convicted in the Court of Criminal Correction of an assault and battery committed upon the person of Oscar Wielns. The only question raised by the appeal is whether, when a passenger on a street-car has in fact paid his fare, the conductor is justified in forcibly ejecting him from the car because he, the conductor, honestly believes that the passenger has not paid his fare, but persistently refuses so to do.

If this were a civil action for damages, there can be no question that the passenger, in the case stated, would be entitled to recover. When a passenger on a street-car has dropped his fare in the box provided and placed for that purpose, he has an absolute right to remain on the car, in an orderly manner, until it reaches his destination on the line of the railway. If the conductor, nevertheless, assuming that the fare is not paid, violates the passenger's right by putting him off the car, he manifestly does so at his peril, in so far as any question of indemnification may arise. If one wilfully destroys my property, honestly believing it to be his own, it will be no defence, against my claim for indemnity, to say that he made a mistake about the ownership. The law protects me in my property against intentional wrong-doers. If in such case either party must

suffer, it should, by every rule of fairness and common sense, be he who made the mistake, rather than the other. A peaceable citizen deprived of his rights in a public conveyance, and subjected to gross indignity besides, is not to be denied redress because the servant in charge was not sufficiently observant to know the true state of the case. The learned judge who heard this cause in the court below evidently recognized these general principles, but he erred in holding them applicable to a criminal prosecution. There is here no question of indemnity to the person injured. The only question is, Has the defendant committed a crime against the peace and dignity of the State?

Crime cannot exist without a criminal intent. A man at midnight discovers an intruder on his premises, under circumstances which furnish reasonable cause to apprehend that a felony is in progress, or about to be perpetrated. He kills the supposed burglar, in the honest belief that nothing less will save his own life or property. It turns out that the intruder was innocent of any criminal purpose; yet his slayer has committed no crime, either in morals or in law, deserving punishment. The criminal intent was wanting. A person passes counterfeit money, being ignorant of its character and honestly believing it to be genuine; the one who receives it may recover for the wrong done him, notwithstanding the innocent mistake of the passer. And yet an indictment against the passer of the money would fail, because he was guilty of no criminal intent. In the case before us, according to the facts stated, the defendant honestly believed that he was simply discharging his duty in putting off a passenger who refused to pay his fare, and therefore in so doing he committed no crime. The court erred in giving instructions in support of a contrary view, and in refusing instructions prayed for by the defendant which were in harmony with the principles herein declared.

The judgment is reversed and the cause remanded. All the judges concur.