STATE OF MISSOURI, Respondent, *v.* GREGOR OBERSHAW, Appellant.

### October 18, 1881.

1. Under an indictment charging the defendant with culpable negligence in wounding another, where the evidence shows that the defendant, an offi-

cer, shot the prosecuting witness, mistaking him for an escaped prisoner, an instruction that the defendant is guilty if he shot at and wounded one other than the escaped criminal, is erroneous.

2. In such a case negligence is of the gist of the action, and in the absence of recklessness or of want of that caution appropriate to determining the identity of the fugitive, there is no criminal liability.

APPEAL from the St. Louis Criminal Court, LAUGHLIN, J. *Reversed and remanded.*

JOHNSON, LODGE & JOHNSON, for the appellant.

J. R. HARRIS, prosecuting attorney, and W. H. H. RUSSELL, of counsel, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The defendant was convicted under section 1264 of the Revised Statutes, of maiming, wounding, and disfiguring one Frank Dimitry, by the act, procurement, and culpable negligence of the defendant.

The testimony tended to show that the defendant was a constable, and had arrested one Hoelscher under a warrant for grand larceny. Hoelscher escaped, about midnight, from the custody of the defendant, who started at once in pursuit, with two companions, one of whom acted as a guide to the neighborhood whither, it was supposed, the fugitive's flight would be directed. It was about four or half-past four o'clock, of a February morning, when the pursuers saw Dimitry approaching, at the distance of fifty yards, and, all of them believed, from his general appearance in the uncertain light, that he was the man they were looking for. The defendant called to him to halt. But Dimitry immediately turned into a gateway and quickened his pace in a new direction. The defendant demanded a halt two or three times and, not being obeyed, fired the contents of a shot-gun, which struck Dimitry near the knee, inflicting injuries which afterwards necessitated amputation. The defendant was greatly concerned about his mistake, did all he could to alleviate the wounded man's condition, started to procure a surgeon, and declared him-

self willing to pay all expenses that might result from the mishap.

The theory upon which the defendant was convicted sufficiently appears from one of the instructions given by the court, as follows: "An officer of the law, such as the defendant is shown to have been, from whom one charged with a felony escapes, may lawfully pursue and retake the fugitive, and, to effect his recapture, the officer may follow him beyond the limits of the township for which he is officer; and, if no other means are adequate, he may lawfully use his weapon on him. But in all such cases, the officer shoots at his peril, and if he shoot unnecessarily, or shoot at one not the fugitive and kill or wound him, the law does not excuse his mistake, or justify the act."

This instruction would, perhaps, be unexceptionable in a civil suit for damages. But in a criminal prosecution, where intent is always of the very essence of possible guilt, it is open to serious objections. There is a startling incongruity in the proposition that a man may lawfully do a thing, and may do it with the very best and purest intentions, and may yet be punished as a criminal for the act. There are many cases in which a man may be held liable in damages for the consequences of an act which was never forbidden by the law. An error in judgment or a mistake of fact may make him so responsible, even though he never had a thought of doing any wrong. But in criminal law, even a homicide may be excusable, where the perpetrator is innocent of any wrongful intent, actual or implied. *The State* v. *McDonald*, 7 Mo. App. 510. There are cases again in which mere recklessness is frowned upon by the law, equally with wilfulness in wrong doing. This is because a certain degree of caution, in the doing of lawful acts which may possibly lead to harm without it, is as much a civil duty as is the refraining from wilful injury. A failure to observe such a proper caution is the very gist of the crime which the indictment in this case charges, and which

the statute under which it is framed was designed to cover. Thus, an officer, under circumstances in which he may properly shoot at a criminal fugitive, may recklessly and without caring or attempting to inform himself of the identity of the person aimed at, commit a fatal mistake, which will bring him precisely within the law forbidding such culpable negligence. But if there be no recklessness, and no failure of the caution duly appropriate to a determining of the identity of the fugitive, we are at a loss to perceive upon what principle it can be said, whatever may be the event, that the officer will have incurred a criminal liability. Under the present indictment, there can be no conviction unless there was culpable negligence. Yet the instruction holds that conviction must result from a shooting of the wrong man, whether there was negligence or not. The officer may lawfully do the act — it may even clearly appear to be his bounden duty to do it — and yet he must assume all the peril, and must be punished if injury result, for an error that was neither reckless nor wilful. In other words, the statutory crime will be complete, and the defendant must be found guilty of culpable negligence, although he was not culpably negligent. We cannot permit a conviction to stand upon such an instruction.

The judgment is reversed and the cause remanded. All the judges concur.