STATE OF MISSOURI, Respondent, v. IRWIN TRITCH, Appellant.

St. Louis Court of Appeals.   Argued and Submitted May 6, 1913.
Opinion Filed June 3, 1913.

1. ASSAULT AND BATTERY: Repelling Assault.   One may repel an assault upon him by a beating until the aggressor desists, and he is not guilty of an assault, under Sec. 4484, R. S. 1909, if he was being pressed at the time he delivered the blow alleged to constitute the assault and did not use unreasonable force.

2. ———: ———: Facts Stated.   A railroad brakeman, in the performance of his duty, endeavored to prevent a lady from boarding a train until she exhibited her ticket.   The prosecuting witness, who was with the lady and who was a much larger and older man than the brakeman, violently pulled the latter from his position, and a fight thereupon ensued between them, in the midst of which the brakeman struck the prosecuting witness over the head with a lantern which he was carrying on his arm, and cut a gash in the latter's scalp.   In a prosecution of the brakeman for assault, under Sec. 4484, R. S. 1909, *held* that defendant had the right to repel the assault upon him by the prosecuting witness, and that the evidence was insufficient to establish that he used more force than was reasonable to defend himself—the mere fact that the blow cut into prosecutor's scalp not being sufficient; and hence it is *held* that a judgment of conviction cannot be sustained.
*Held* by NORTONI, J., dissenting, that whether defendant used more force in repelling the assault than was necessary and was, therefore, guilty of an assault, was a question for the jury, under the evidence.

Appeal from Montgomery Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. H. Johnson, Nowlin & Hughes* and *G. Pitman Smith* for appellant.

The defendant being assaulted in the dark by the prosecuting witness had a right to defend himself with whatever means he had at hand or in whatever manner he could at the moment, and was not required to gauge with any degree of nicety the force which would be sufficient to repel the attack made on him. State v. McCarver, 194 Mo. 717; Courtney v. Kneib, 131 Mo. App. 204; Mitchell v. United Railways Co., 125 Mo. App. 11; Brouster v. Fox, 117 Mo. App. 711; O'Donnel v. Transit Co., 107 Mo. App. 34; Sonner v. Transit Co., 102 Mo. App. 275.

*Harry C. Black,* prosecuting attorney, for respondent.

The fact whether or not the defendant in assaulting the prosecuting witness used more force than was necessary to repel an attack made upon him by the prosecuting witness is a question for the jury to decide. Whether the act done constitutes an assault or whether the act done was without considerable provocation or not is a question for the jury. 3 Cyc., 1059, 1a and b.

REYNOLDS, P. J.—The defendant, appellant here, was proceeded against before a justice of the peace on information filed by the prosecuting attorney of Montgomery county, the information based upon an affidavit by Claude R. Ball. The information charges that on or about the 8th of July, 1910, at, etc., the defendant "did then and there unlawfully and willfully

assault, strike, beat, bruise and wound this affiant Claude R. Ball, by then and there striking, wounding and beating the said Claude R. Ball over the head with a lighted lantern which he the said Irwin Tritch in his hands then and there had and held; against the peace and dignity of the State." The defendant was convicted and fined and, appealing to the circuit court, on a trial there anew, was again convicted and fined one dollar. Filing a motion for new trial as well as one in arrest and excepting to these motions being overruled, the defendant has duly perfected his appeal to this court.

As is our duty to do in all criminal causes, we have read the abstract of the record here with very great care. There was some conflict in the testimony but merely on minor matters. The essential facts are practically uncontradicted—we may even say that they are conceded. It appears that on the night of the 8th of July, 1910, a passenger train of the Wabash Railroad Company stopped at the station at Montgomery City to let off and take on passengers. There were quite a number of people gathered at the station when the train stopped and the defendant, who was a brakeman on the train, was standing in front of the platform of one of the passenger coaches assisting passengers to alight from and board the train. After the passengers aboard who desired to alight had done so, defendant called out several times, "All aboard." "Tickets." "Show your tickets." It is in evidence that under the rules of the railroad company passengers boarding the train were required to procure tickets and show them to the brakeman or person in charge before entering the coaches and that a notice to this effect was posted in the station. Mr. Claude R. Ball was with a party of several ladies and possibly a man or two, some of the ladies intending to take the train for Jonesburg. Among the ladies was an old lady referred to in the testimony as "Aunt Til Foreman,"

whom Mr. Ball was escorting to the train, she being a relative. When Mr. Ball reached the platform of the car with this old lady and was about to assist her up the steps, the defendant called out, "Tickets." "Show your tickets please." Mr. Ball said that the old lady had a return ticket to Jonesburg. One of the party called out that another lady, then present, had "Aunt Til's" ticket. The defendant again repeated, "Tickets, please." "Show your tickets," and stretched his arms across the front of the car steps or platform, taking hold of the rail. The old lady then had one foot on the first step, attempting to get on the platform, but was prevented by the defendant from reaching the platform, he asking for her ticket. Whereupon Mr. Ball reached over, took hold of the defendant by the lapel of his coat and pulled him away from his position in front of the car platform, doing so, as Mr. Ball admits, with enough force to pull the defendant some little distance from the platform. It was in evidence that the defendant was thrown against a bystander some two or three feet away, with enough force to jostle the bystander. The two struggling men, Ball and defendant, were in the midst of a crowd, struggling and fighting. In the progress of this fight, the brakeman, who was carrying an ordinary railroad lantern, according to Mr. Ball, struck Mr. Ball over the head with it, breaking the globe of the lantern and inflicting a severe scalp wound, a wound something like two inches long and through to the bone, on Mr. Ball's head. Parties in the crowd separated the combatants, Mr. Ball went to the office of a surgeon and the defendant, boarding his train, went along with it. The version of defendant is, that he hit at Ball with his fist and broke the glass of his lantern.

This is a very brief but accurate summary of the essential facts in the case. The case was submitted to the jury on instructions, of which this is a sample: That if the jury found from the evidence that the

prosecuting witness C. R. Ball first assaulted the defendant and that such assault was without provocation, the jury are instructed that the defendant had a right to resist such assault by such force as appeared at the time to defendant to be necessary, and that unless the jury believed from the evidence that the defendant, in resisting the assault made upon him by Claude R. Ball, used an unreasonable and improper amount of force and an amount of force which did not and could not seem to the defendant at the time to be necessary or required on the part of defendant in resisting the assault made upon him, the jury must acquit the defendant. While this is the substance of the first instruction given at the instance of the State, the other instructions followed the same theory here indicated.

At the close of the testimony for the State and again at the close of all the testimony in the case, defendant interposed demurrers to the evidence which were overruled and exception duly saved.

This information is founded upon section 4484, Revised Statutes 1909; is an information for a common assault. Section 4484 provides: "Any person who shall assault or beat or wound another, under such circumstances as not to constitute any other offense herein defined, shall, upon conviction, be punished by a fine not exceeding $100, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." This section is one of the sections in chapter 36, article 4, which article relates to offenses against the lives and persons of individuals.

Our court, speaking through Judge LEWIS, in State v. McDonald, 7 Mo. App. 510, has very clearly defined the issue which must be presented and determined in prosecutions under this law. The judgment of the lower court was reversed in that case because, as was found by our court, the learned trial judge who had heard the case, had correctly stated the general

principle that a citizen deprived of his rights and subjected to gross indignity at the hands of an employee of the company on whose car he was a passenger, is not to be denied redress against the employer because the employee was not sufficiently observant to know the true state of the case. Says Judge LEWIS, however (1. c. 511): "The learned judge who heard this cause in the court below evidently recognized these general principles, but he erred in holding them applicable to a criminal prosecution. There is here no qustion of indemnity to the person injured. The only question is, Has the defendant committed a crime against the peace and dignity of the State?" By way of illustration, Judge LEWIS says: "A person passes counterfeit money, being ignorant of its character and honestly believing it to be genuine; the one who receives it may recover for the wrong done him, notwithstanding the innocent mistake of the passer. And yet an indictment against the passer of the money would fail, because he was guilty of no criminal intent. In the case before us, according to the facts stated, the defendant honestly believed that he was simply discharging his duty in putting off a passenger who refused to pay his fare, and therefore in so doing he committed no crime. The court erred in giving instructions in support of a contrary view, and in refusing instructions prayed for by the defendant, which were in harmony with the principles herein declared." This decision states a common and well-understood principle and is cited in State v. Obershaw, 11 Mo. App. 85, 1. c. 87. In this latter case it is said: "There are many cases in which a man may be held liable in damages for the consequences of an act which was never forbidden by the law. An error in judgment or a mistake of fact may make him so responsible, even though he never had a thought of doing any wrong. But in criminal law, even a homicide may be excusable, where the perpetrator is innocent of any wrongful intent, actual or implied."

The theory of the instructions given at the instance of the State is not supported by the facts in evidence. This is a criminal prosecution. To sustain a conviction the State is bound to prove all the facts necessary to constitute the offense. While the jury were instructed that the defendant was only justified in using reasonable force to repel the assault made upon him by Ball, there is an entire lack of evidence on which the jury could find that the force used was unreasonable. It does not appear that Ball had desisted in his attack—that he had let go of defendant; what he was doing at the time defendant is said to have struck him. According to Ball's own testimony he was grappling with, had hold of, defendant when the latter struck him. One may repel an assault upon him by a beating till the aggressor desists. [1 Bishop's New Criminal Law (8 Ed.), secs. 850, 851.] There is not a word of testimony from which the jury had a right to conclude that the force used by the defendant was unnecessary. There are no facts from which a criminal intent can be drawn.

The defendant was in the lawful discharge of his duty; in the discharge of that duty he was assaulted by Mr. Ball, without cause or provocation of any kind whatever. A fight ensued between the two. The defendant had no deadly weapons in his possession; so far as the testimony shows, was unarmed, was a much smaller and younger man than his assailant, weighing about a hundred and thirty-six pounds while Mr. Ball weighed a hundred and ninety-five pounds. In the midst of a fight brought on by Mr. Ball himself, the defendant used the only weapon he had, if it may be called a weapon, that is his lantern, which was hanging over his arm, and struck Mr. Ball over the head with it. As to whether he used more than reasonable force under the circumstances is not in evidence. The mere fact that his blow cut into the scalp does not prove this. The question in the case—the crucial question in the

case—was whether the defendant made a criminal assault upon the prosecuting witness. There is not a particle of testimony tending to show any criminal intent connected with the matter—at most, it was an affray to which both were parties, not an assault within the purview of the law. The demurrers to the evidence should have been sustained.

The judgment of the circuit court is reversed and the cause remanded with directions to discharge the defendant. *Allen, J.,* concurs. *Nortoni, J.,* dissents.

## DISSENTING OPINION.

NORTONI, J.—I dissent from the opinion of the court, for the reason, as I view the facts, the question is one for the jury. The issue in the case pertained to the matter as to whether or not more force than was necessary was employed in repelling the assault of the prosecuting witness, Ball. It appears the prosecuting witness commenced the assault, it is true, but in so doing he employed no weapon and, indeed, only laid his hand on defendant by taking hold of the lapel of his coat and thrusting him out of the way. Upon this appearing, as it does, it is obvious the defendant was justified in exercising force against the assault of Ball. However this may be, the case proceeds on the theory that more force was employed than was necessary in repelling this assault. It is conceded that Ball neither revealed nor used a weapon on defendant but it appears defendant employed a weapon—that is, a railroad lantern—in pounding him over the head. That he used considerable force in pounding Ball's head with a heavy railroad lantern is entirely clear, for large quantities of blood flowed freely from the wound thereon and the physician who attended Ball immediately thereafter describes a deep gash through the scalp to the skull. On this evidence I entertain no doubt whatever that the question in decision was one

for the jury, and that it may not be declared as a con-
clusion of law on the facts stated, that this defendant
used no more force than was necessary.