Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John P. Turner, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The defendant was convicted by a jury of common assault and sentenced to confinement in the county jail for six months, imposed consecutively to another sentence then in service. The trial of the misdemeanor was de novo from the judgment of the magistrate who had sentenced the defendant to confinement for ninety days.

The defendant contends that MAI–CR 6.26 [Instruction No. 5] prescribed as the verdict-director for common assault does not submit all the essential elements of the substantive offense and therefore the conviction was unlawful. That contention, in the precise particulars which we do not restate, was presented to and rejected by our Supreme Court en banc in *State v.*

**STATE of Missouri, Respondent,**

v.

**Larry R. LACY, a/k/a Thurman Lacy, Jr., Appellant.**

**No. KCD 29899.**

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

*Hammond,* 571 S.W.2d 44 (1978). That decision determined authoritatively that MAI–CR 6.26 submits the essential common assault offense according to the definition of § 559.220, RSMo 1969.

■ The defendant contends also that the trial court erred by failure to instruct on self-defense. The issue of basic self-defense, where raised by the evidence, presents a question of law upon which the court must instruct the jury for their guidance to a proper return of verdict. Rule 26.02(6). That is to say, that the instruction must be given on evidence whether requested or not, otherwise the court commits error which entitles the defendant to a new trial. *State v. Boyd,* 498 S.W.2d 532, 534[4] (Mo. 1973).

■ The original charge against the defendant was robbery in the first degree. The offense was reduced to common assault and tried on that theory of culpability. The evidence by the State was that the defendant approached the checkout stand of the Skaggs Drug Store with a birthday card in hand. The employee Kies took the card, rang up the sale, and the cash drawer opened. The employee sacked the merchandise and was handed a dollar bill by the defendant. This much of the evidence is not in dispute. Kies related, however, that as he made change, he noticed the hand of defendant reach into the cash register "where the ten dollar bills [were]." Then,

Q. And what did you do then when you saw his hands go into the register?

A. I turned and knocked his hands away and asked what was going on.

Q. And what happened then? Let me ask you this: When you hit his hands away, was there any noise that was made by that action?

A. Well, there was change and the drawer was knocked, you know.

Q. And then what happened?

A. Well, then he swung and hit me a couple times, so I swung back and pushed him away.

Q. Where did he hit you? A. In the face.

Q. And you pushed him, is that right?

A. Yes.

Q. And then what happened?

A. Then he started running for the front door. As he got to the door, there is a metal piece across the door and he tripped and fell, outside the store, and I jumped on top of him.

The defendant recounted a different story. His version was that he selected a card to purchase, went to the checkstand, laid the card down on the counter which employee Kies attended, Kies rang up the sale and picked up the one dollar bill defendant had placed down. Kies delayed the change due, so that the defendant, after he had perused the card, became restive and placed his hand out toward Kies and the cash register to hasten the conclusion of the transaction, and as he did, Kies "just turned around real quick and he grabbed [defendant]." At the time, the defendant made the gesture which prompted Kies to grasp and injure his left hand, the hand of the defendant was about one foot from the cash drawer of the register. The defendant testified he had not intended to take any money from the cash drawer and struck Kies, but only in retaliation for the assault on himself. A scuffle ensued between them during which each struck the other. The defendant then saw another employee about to join the melee, so he ran away, concerned that his involvement might affect his probation status.

A reasonable force used in defense will justify an otherwise criminal conduct. An act done in lawful self-defense, therefore, does not amount to an assault and requires acquittal on the charge. Committee Comments on MAI–CR, Self-defense, pp. 9 et seq. The elements of basic self-defense, as that doctrine has developed in the jurisprudence of this state [and as expounded by the Committee Comments] are submitted by MAI–CR 2.40:

1. Defendant did not provoke the use or threat of force against himself, and

2. Defendant believed that he was in immediate danger of death or serious bodily harm, and

3. Defendant had reasonable cause for that belief, and

4. Defendant believed that it was necessary for him to act as he did to protect himself from such danger, and

5. Defendant had reasonable cause for that belief.

It is the contention of the State that the self-defense submission was properly withheld because the evidence shows that employee Kies merely acted in defense of property given to his charge and so without provocation—that is, that the force employed by Kies was only so much as was necessary to thwart the threatened depredation and so was, as a matter of law, reasonable. *State v. Tritch,* 175 Mo.App. 262, 157 S.W. 843, 844 (1913). Such a contention becomes tenable, however, only where the evidence allows no dispute that the defendant had the motive to steal from Kies. It was the testimony of the defendant, however, that his intentions were innocent of any criminal purpose—that he meant no threat by his extended hand but only a gesture of impatience.

It is evident from this disputed evidence that the issue of self-defense, and particularly the issue of who was the aggressor [element (1) of MAI–CR 2.40 that "[d]efendant did not provoke the use or threat of force against himself"] was for the jury. In the face of contradictory proof on the issue of self-defense, it becomes the duty of the court to instruct the jury "upon the assumption of the truth of the testimony for the state as well as the testimony for the defendant, leaving it to the jury to find the facts and determine the guilt or innocence of the defendant." *State v. Bidstrup,* 237 Mo. 273, 140 S.W. 904, 908[5, 6] (1911).

The judgment is reversed and remanded for new trial.

All concur.