## NAPOLEON GREER V. THE STATE.

No. 11245. Delivered December 14, 1927.

**Failing to Stop and Render Aid—Evidence—Held Sufficient.**

Appellant was on trial charged with failing to stop his automobile and render aid to two Mexican children collided with and injured by him, and sought to excuse such failure as being caused by his fear of personal violence from Mexicans who gathered at the scene of the accident immediately thereafter. This defense was fairly submitted to the jury, and by them resolved against appellant, and we believe the evidence sustains the verdict of conviction.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for failing to stop and render aid after a collision with an automobile, penalty one year and six months in the penitentiary.

The opinion states the case.

*C. L. Dutton* and *W. I. McFarlane,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The prosecution is based upon Article 1150, P. C., which denounces as an offense the failure of one driving or controlling an automobile which comes in collision with another to stop and render aid. The punishment was assessed at confinement in the penitentiary for a period of one year and six months.

Appellant challenges the sufficiency of the evidence. The facts upon which the prosecution was predicated are, substantially, as follows: A freight train which was crossing a street in the town of Sugar Land about 6 o'clock p. m. caused automobiles to stop on both sides of the track. Three tracks crossed the street. As the train cleared the street people driving cars rushed across the track. Appellant crossed the track at a rate of speed of about twenty miles an hour. His car collided with two Mexican children on the north side of the track, breaking the leg of the little Mexican boy, who was 7 years old, and injuring the little girl, who was 11 years old. Appellant did not stop and offer to render aid but drove away at a rate of speed of twenty miles an hour. The children, who had been knocked to the ground, were removed to a hospital by one of

the state's witnesses. Appellant knew at the time that he had collided with the children. Immediately after the accident several Mexican men gathered around the injured children and appeared to be excited. Shortly after the accident appellant reported the occurrence to an officer and stated that he had not gone back to render aid for the reason that he was afraid of the Mexicans who had gathered around the children. The officer advised appellant to go home and told him that he would investigate the matter the next morning, at which time appellant was to report to him. Appellant reported to the officer at the appointed time.

Appellant testified that the Mexican children ran in front of his car, and, that being unable to stop, he collided with them; that he had to clear three tracks, and consequently did not stop his car until he had gotten across the tracks; that he then stopped and looked back; that several Mexicans who had congregated near the children appeared to be angry and that he was afraid to return; that he reported the matter to the officer as testified to by said officer. The mother of appellant testified that when she reached the scene immediately after the accident the Mexicans, who had congregated there, were angry; that she offered to aid by paying the doctor bill and hospital expenses of the children but that her offers of assistance were rejected by the parents of the injured children; that they drove her away and instructed her to let them alone; that on the night of the accident Mexicans congregated around her house until 2 o'clock in the morning and appeared to be angry.

Among other things, the court instructed the jury, in effect, that if they had a reasonable doubt that appellant believed he would be in danger of harm or bodily injury at the hands of the Mexicans, and that for that reason he did not stop and render aid, they would acquit him. The jury resolved the issue against appellant, and we do not feel that, under the facts, we would be authorized to set aside their verdict.

Appellant brings forward four bills of exception, which we have carefully examined. We find that each of said bills is insufficient to manifest reversible error.

The judgment provides that appellant shall be punished by confinement in the penitentiary for not more than one year and six months, whereas the sentence provides for confinement in the penitentiary for not less than one year and six months. The

sentence is reformed to conform to the judgment.    As reformed the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.