PINCHES, Respondent, v. NEW FARMERS' GRAIN CO., Appellant.

(217 N. W. 190.)

(File No. 5993.   Opinion filed December 28, 1927.)

*Frank Vincent,* of Alexandria, and *Laurits Miller,* of Miller, for Appellant.

*Danforth &Seacat,* of Alexandria, for Respondent.

MORIARTY, C.  In July, 1922, the defendant, New Farmers' Grain Company, the appellant herein, employed J. F. Pinches, the respondent, to take charge of its elevator and coal sheds in the city of Alexandria.  The employment was for a period of one year, beginning on July 1, 1922, and the agreed compensation was $150 per month.  The duties of the employee were to consist of the active management of the company's grain and coal business, the buying of grain, sale of coal and feed, and making of shipments and collections.

Pinches continued in this employment until February 1, 1923, when the company employed another man for the position and discharged Pinches.  The salary of Pinches was paid in full to February 1, 1923, but no payments were made for any further part of the year covered by the contract of employment.  Pinches brought this action to recover from the grain company the sum of $750 as salary for the remaining five months between February 1, 1923, and July 1, 1923.

The defendant in its answer admitted the employment of the plaintiff and his discharge, but pleaded in defense that the discharge was for good cause, in that the plaintiff had failed to properly perform the duties of his employment, and that after his discharge plaintiff could have obtained other employment of a similar nature and could have earned during the remainder of the year the same wages as were paid to him by defendant under its contract with him.

The case was tried to a jury, which returned a verdict for the plaintiff in the full amount of his claim.

From the judgment entered upon this verdict and from an order denying a new trial, this appeal is taken.

Appellant's brief presents numerous assignments of error, most of which allege errors of law in the conduct of the trial. Considerable space in appellant's brief is occupied with assign-

ments and arguments on the question whether the respondent actually was discharged by the appellant. But the appellant's answer specifically alleges that respondent was discharged for good cause, and alleged in detail the matter wherein respondent is alleged to have failed to properly perform the duties of his employment. It is true that the appellant moved for leave to amend its pleading by striking out certain words from its answer, and this motion was denied, but the granting of the motion would not have relieved appellant from the effect of its deliberate plea of having discharged respondent for good cause, contained elsewhere in its answer. Therefore there was no prejudice in the denial of the motion.

Only two matters of defense were available under the pleadings, to wit: That the discharge was for good cause; and that the plaintiff failed to minimize his damages by engaging in other suitable employment which he could have secured. No question is raised as to the propriety of the instructions upon which these issues were submitted to the jury.

Several of appellant's assignments of error allege that the trial court erred in its ruling on objections to questions directed to the production of evidence as to whether plaintiff was in fact discharged by the defendant. As appellant's answer specifically admitted that it discharged respondent, it cannot be prejudiced by any rulings as to evidence on that question.

As to rulings upon evidence affecting the issues actually presented by the pleadings, it is true that the trial court sustained objections to many questions propounded by defendant's counsel, and exceptions to such rulings were preserved, but appellant's counsel made no offer of proof in connection with any of these questions.

In this state it is the well-established rule that where a question does not itself indicate whether the answer would be material or not and there is no offer to prove the facts sought to be elicited, it is not reversible error to exclude the question. Hanson v. Township of Red Rock, 7 S. D. 38, 63 N. W. 156; Cheatham v. Wilber, 1 Dak. 321, 46 N. W. 580; State v. Yokum, 11 S. D. 544, 79 N. W. 835; Arneson v. Nerger, 34 S. D. 201, 147 N. W. 982.

Our examination of the record discloses that many of the rulings complained of were correct, and we have failed to discover

any instance in which. the ruling complained of can be held to constitute reversible error in the absence of an offer of proof.

The questions involved in the trial were presented to the jury upon evidence which would sustain a verdict either way, and under such circumstances this court will not disturb the verdict.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.

BROWN, J., not participating.