69 So.2d 716

## ISOM v. STATE.

### 6 Div. 734.

Court of Appeals of Alabama.

Jan. 5, 1954.

W. L. Longshore, Birmingham, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant was charged and convicted for the violation of Title 36, § 128, Cum.

Pocket Part, Code 1940. Subsection 1 of this statute provides:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person, or damage to a vehicle, shall immediately stop such vehicle at the scene of such accident, and shall also give his name and address, and the registration license number of his vehicle, and shall render to any person injured in such accident reasonable assistance, including the carrying of such injured person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary."

Except in one aspect there is no material conflict in the evidence.

The automobile driven by the accused struck another car while the two vehicles were traveling along a highway in Jefferson County, Alabama.

It appears that the impact was not very severe. The appellant continued in travel for a short distance after the collision. When he was advised that he had collided with the other car, he immediately backed his automobile and stopped at the place of impact.

According to the State's evidence, when the defendant returned, one of the occupants of the other car "walked over to the car to see who it was. The door was partly open. I had my hand in the window and I said, 'What is the matter with you,' and he said, 'I didn't hit anybody.' Somebody said, 'Do you want to call the law,' and I said—he said, 'Take your damn hand off the door,' and lit out."

The defendant gave this account:

"A. The one the car belonged to, Mr. Latimer. He got my tag number and then he comes there and the other man come up there and he said, 'Why you hit my car,' and I said, 'Boss man, I didn't hit your car,' and he broke back to his car and said, 'I will kill you,' and I pulled off.

"Q. Did you say anything before he broke back to his car? A. No, sir. He asked that man was he hurt—I don't know his name—and he told him 'No,' and then he told me—said, 'I will kill you,' and broke back to the car.

"Q. Who said that? A. The man the car belonged to.

"Q. What did you do then, if anything? A. I pulled off. I was scared. I was shore scared."

An analysis of the circumstances leads to the conclusion that a violation of the statute must be related to the failure of the defendant to give his name and address. Undisputedly he did not do this.

The defendant claimed that his immediate departure, without giving his name and address, was due to the honest belief that he was in danger of great bodily harm. He tendered written instructions which declared this position. They were refused by the trial judge.

■ If the charges stated the law correctly, were not misleading, were not otherwise covered by instructions, and were supported by any tendencies of the evidence, it was reversible error to refuse them. Burns v. State, 229 Ala. 68, 155 So. 561; Duncan v. State, 30 Ala.App. 356, 6 So.2d 450.

It appears that the question of instant concern has not been reviewed by the appellate courts of our State.

In 61 C.J.S., Motor Vehicles, § 676, at page 823, we find:

"The alleged fear of accused that he might have been assaulted if he had stopped to comply with the statute does not excuse his failure to comply, where there was not any attempt or threat to assault him or the display of any weapon with which an assault might have been committed."

Article 1150, Vernon's Ann. Penal Code of the State of Texas contains provisions which are similar to those found in our statute.

In Greer v. State, 108 Tex.Cr.R. 356, 300 S.W. 640, 641, the court instructed the jury in effect that if they had a reasonable doubt from the evidence that the accused

believed he would be in danger of harm or bodily injury at the hands of persons present at the scene of the collision, and that for this reason he did not stop and render aid, they must acquit him.

The Court of Crimminal Appeals responded as follows:

"The jury resolved the issue against appellant, and we do not feel that, under the facts, we would be authorized to set aside their verdict."

The case of Woods v. State, 135 Tex.Cr. R. 540, 121 S.W.2d 604, presents facts dissimilar to those in the case at bar. The defense there was that a lady occupant of the defendant's car was injured in the collision and the appellant thought that it was necessary to get her home for treatment and for this reason he did not stop and render aid.

The appellate court held that the defendant was entitled to have this issue submitted to the jury.

It may be noted that the Greer case, supra, is cited with approval in the opinion.

After very diligent search, we are unable to find any other authorities which have reviewed the question of instant concern.

It has been said: "A law is valuable not because it is law, but because there is right in it," and "what is just and right is the law of laws."

■ The enforcement of any law should be based on justice and common sense. The courts have a right to believe that the enactors intended it to be.

■ According to the testimony of the defendant he was confronted with danger to life or great bodily harm. It would be unjust and unreasonable to declare that, despite this, he was required to remain at the scene and go through the formality of complying with each and every requirement of the statute.

If he had attempted to defend himself from the threatened attack, the law would have imposed on him the duty to retreat **if** he could have with safety and without increasing his peril.

We are not attempting to over-emphasize or over-stress the appellant's claim and declare that it is true. In this particular aspect of our review we are not concerned with the question of the truthfulness of the statement.

We are holding that the refused charges stated the law correctly and they were not abstract. Therefore they should have been given, and the jury should have been allowed to decide which of the factual theories it would accept.

There are some other questions presented for our review. We will pretermit discussing any of them. They will not likely reoccur in the event of another trial.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.