STATE, Respondent v. GOFF, Appellant

(109 N.W.2d 256)

(File No. 9842. Opinion filed May 16, 1961)

**Thos. G. Wall,** Sturgis, for Defendant and Appellant.

**A. C. Miller,** Atty. Gen., **Gerald L. Reade,** Asst. Atty. Gen., **Dale L. Morman,** States Atty. for Meade County, Sturgis, for Plaintiff and Respondent.

RENTTO, J. The jury found defendant guilty of failing to stop after an accident resulting in personal injury in which he was involved as the driver of one of the vehicles. He was sentenced to a term of 60 days in the county jail. One of his contentions on this appeal is that he should have been permitted to show that he fled to protect himself from "attack, serious injury, or death" at the hands of the driver of the other vehicle.

The accident happened around midnight on April 11, 1959 in the wide open spaces of Meade County on a county road at a point about 17 miles southwest of the town of Faith. According to the testimony for the state the other vehicle, a pickup truck driven by Nolen W. Stewart, stalled on a narrow bridge and while he was attempting to restart it a car driven by the defendant struck it from the rear, injuring Stewart's wife. Defendant, who was alone in his car, continued on without stopping. When Stewart got his truck restarted he followed the defendant down the road for two miles and across the prairies for another mile and a half to the Miller ranch where he had stopped.

Defendant admitted that his car was in an accident with the Stewart truck but his testimony was that as he approached the bridge in question he observed the lights of a vehicle overtaking him from the rear, and that it went by him just before he got onto the bridge and stopped thereon without warning. In an effort to avoid a collision he passed on the left side of it and just as he did the left door of the truck was thrown open and his car struck the door. It was then that he recognized the driver of the truck and being afraid that Stewart would kill him, he did not stop but drove to the Miller ranch for protection.

It is clear from the record that defendant and Stewart were well acquainted. The defendant had worked for him at his ranch in Meade County on and off for a couple of years. On direct examinations questions were asked of the defendant to show that when he left the employment of Stewart they had some trouble and Stewart had threatened him. He also tried to show that Stewart carried a .22 revolver with him at all times and that prior to their accident Stewart had made threats to kill him. The exclusion of this evidence is defendant's principal complaint on this appeal.

■ The state earnestly urges that defendant's assignments of error do not "briefly and plainly point out the error alleged to exist" as required by SDC 1960 Supp. 33.0735 and moves to dismiss the appeal. The state's complaint is true as to many of the assignments so we do not consider the matters which they concern. However, from the assignments it is clear to us that defendant is here urging that the trial court erred in excluding evidence, the purpose of which was to show that he had ample reason to believe he would suffer bodily harm at the hands of Stewart if he stopped. This assignment we think sufficient. Consequently the motion to dismiss the appeal must be denied.

The information on which defendant was prosecuted charged him with being in violation of the provisions of SDC 44.0330. That section provides that:

> "The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall immediately stop and give his name, address, and the registration number of his vehicle and exhibit his registration receipt to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical treatment if it is apparent that such treatment is necessary or is requested by the injured person."

While the statute makes no exceptions we are persuaded that the legislature never intended it to apply to one who honestly believed that he was in danger of bodily harm if he stopped at the scene of the accident and performed the acts required of him thereby. A thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. Church of the Holy Trinity v. U.S., 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226. We think this exception must be implied to avoid unjust and absurd consequences. 50 Am.Jur., Statutes, § 433; 82 C.J.S. Statutes § 382b. The public policy of this state has long recognized and protected the natural desire of people to avoid violence to their persons.

This contention was urged upon the Court of Criminal Appeals of Texas in Garcia v. State, 131 Tex.Cr.R. 84, 96 S.W.2d 977, 978. On the rehearing in that case that court recognized that there could be a "collision whose situation and surroundings would so strongly support the proposition of danger to limb or life of the accused—resulting from the acts and conduct of persons present—which might justify him in fleeing or refusing to stop", but it held that the facts of that case did not present such a situation. The same court in Greer v. State. 108 Tex.Cr.R. 356, 300 S.W. 640, had previously indicated its approval of this view.

More recently it was accepted as a defense under a statute similar to ours by the Court of Appeals of Ala-

bama in Isom v. State, 37 Ala.App. 416, 69 So.2d 716, 718, with this sage observation, "The enforcement of any law should be based on justice and common sense. The courts have a right to believe that the enactors intended it to be." Accordingly we hold that the defendant should have been permitted to show why he was afraid to stop. If the situation was as he claimed it to be, the jury would have been warranted in finding that he was not guilty. The exclusion of this testimony was erroneous and prejudicial.

■ The state argues that the defendant may not urge this error because he made no formal offer of proof in connection with any of these questions. The record supports this claim. It is also true that ordinarily an offer of proof is necessary to save such error. This is required in order that the trial court may discern the materiality and relevancy of the proposed evidence before finally ruling on it. However, there is no need for the rule where the question itself indicates that the answer would be relevant and material. Hauff & Stormo v. South Dakota Cent. Ry. Co., 34 S.D. 183, 147 N.W. 986; Pinches v. New Farmers Grain Co., 52 S.D. 198, 217 N.W. 190. These questions are within that exception. It is clear from the record that counsel on both sides and the trial judge fully understood the purpose of the excluded testimony. While it would be good practice to make a formal offer even under these circumstances, to require it would be to insist on an idle act.

■ This is decisive of the appeal but another matter is urged about which we should express our view as it will likely occur on a retrial. On cross-examination Mr. Stewart was asked "Isn't it a fact that you had some bitterness against Arthur Goff?" Objections to this and other questions of similar import were sustained. This action of the trial court was error. State v. Kenstler, 44 S.D. 446, 184 N.W. 259. On cross-examination it is proper to show any bias that a witness may have toward a party to the action as bearing on his credibility.

Reversed.

All the Judges concur.