THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID E. PINNOCK, Defendant.

Court of Special Sessions held by a City Magistrate of the City of New York, Borough of Brooklyn, June 3, 1955.

*Edward S. Silver, District Attorney (David Diamond* and *Anthony Greco* of counsel), for plaintiff.

*Holtzman & Ross* for defendant.

CHARLES SOLOMON, M. The defendant is charged with a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law (Leaving scene of accident without reporting).

The defendant operated one of the two cars involved in an accident in Brooklyn in which several people were injured and personal property damaged. He fled from the scene with a fellow passenger, without stopping and giving the information required.

Defendant contends (1) that he left the scene of the accident without complying with the statute because of the hostile attitude of spectators; (2) that the statute was satisfied when his fellow passenger reported the accident to the police; and (3) there was no intent on his part to violate the statute because he reported the accident at the police station as soon as he was physically able.

The People assert that the first two contentions involve questions not previously passed upon in this State and are therefore of "first impression". (Bouvier's Law Dictionary [Rawle's 3d Revision], p. 1515.)

Defense counsel says: "Because of the fact there was almost no law completely in point on this subject in the State of New York, the cases in other jurisdictions had to be searched", apparently without fruitful results.

Subdivision 5-a of section 70 of the Vehicle and Traffic Law, provides: "Leaving scene of accident without reporting. Any

person operating a motor vehicle or motor cycle who, knowing that damage has been caused to the real property or to the personal property, not including animals, of another, due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place where the damage occurred without stopping, exhibiting his license and giving his name, residence, including street and number, and license number to the party sustaining the damage, or to a police officer, or in case no police officer nor the person sustaining the damage is present at the place where the damage occurred then reporting as soon as physically able the same to the nearest police station, or judicial officer, shall be guilty of a misdemeanor. Any person operating a motor vehicle or motor cycle who, knowing that injury has been caused to a person, due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place of said injury or accident, without stopping, exhibiting his license and giving his name, residence, including street and street number, and license number, to the injured party and also to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting as soon as physically able the same to the nearest police station or judicial officer, is guilty of a misdemeanor."

Upon conviction, it is mandatory for the court to revoke defendant's license, in addition to any other penalty. This section is to be liberally construed. Though criminal statutes generally must be strictly construed, nevertheless, this section designed to protect the public from menace of automobiles operated without proper supervision, such as those operated by drunken drivers, should be liberally construed (*People* v. *Rue,* 166 Misc. 845).

The defendant seeks to excuse his failure to stop and identify himself to the injured person because of the hostile attitude of the crowd gathered at the scene. " If the legislators have not made a rule for a particular emergency, the courts are not to speculate as to what action might have been taken had the emergency occurred to them. An omission in legislative intent is not to be supplied by the courts " (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 363).

The defendant's second contention that the statute was satisfied when his fellow passenger, who had also fled from the scene, reported the accident to a passing police patrol car about five blocks from the scene, is without merit.

There is nothing in the statute which permits a delegation of the clear and unequivocal legal duty imposed upon the operator

of a car involved in an accident. Note the following from *People* v. *Shapiro* (308 N. Y. 453, 460): '' We are mindful of the general rule applying to criminal trials that ' it can never be necessary to add anything to the plain and simple language of the statute ' (*People* v. *Fitzgerald,* 156 N. Y. 253, 266).''

The aim of the statute was to punish for leaving the scene of an accident without reporting. It was designed to prohibit, under pain of drastic punishment, negligent or wanton drivers of motor vehicles from seeking to evade civil or criminal consequences by escape before identity could be established. By stopping and giving the required information or otherwise complying with the statute, the one involved not only brings the happening to the attention of the proper officers but renders himself subject to investigation as to the attendant circumstances for the benefit of the authorities and of the injured person and his representatives as well. Two cogent reasons why it would not be advisable to permit such delegation of responsibility can be found in the fact (1) that the person so delegated to report the accident and give the required information might never do it, and (2) if he did, the information might not be true or adequate. '' In construing a statute which made it an offense for the driver of an automobile knowingly to go away without stopping and making himself known, after causing injury to person or property, the court in Com. v. Horsfall (1913) 213 *Mass.* 232, 100 N. E. 362, * * * said: ' Its obvious purpose is to enable those in any way injured by the operation of an automobile upon a public way to obtain forthwith accurate information as to the person in charge of the automobile. It should be interpreted in such a way as to effectuate this end. Manifestly, it imposes active and positive duties upon the operator of the automobile. It is not satisfied by stopping at some remote, obscure or inaccessible place, nor by a mere passive willingness to answer inquiries. In unmistakable language it requires the tendering on the spot, and immediately, of explicit and definite information as to himself, of a nature which will identify him readily and make it simple and easy to find him thereafter.' '' (16 A. L. R. 1428–1429.)

That the appellate courts require strict compliance with the statute is evident in the case of *People* v. *Schauffert* (277 App. Div. 1042). There the evidence established that immediately after the accident the appellant proceeded to the 104th precinct police station and there reported he had been involved in a collision. The court held: '' While the violation of the statute appears to have been technical in nature, and was possibly

induced by a misunderstanding of the law, the facts presumably found by the trial court, as heretofore stated, require an affirmance of the judgment.'' We find the same reasoning in the following: '' In construing a statute providing that it is the duty of one injuring another while driving his vehicle on the highway to report his name, address and vehicle number to the injured party if the report can be made to the latter, or, if not, to the nearest police officer, or, if none is present, to the nearest police station or judicial officer, the court in People v. Ripplinger, (1927) 243 Ill. App. 467, held that the statute did not allow the driver to report to any one of the four, but that, in order to comply with the statute, the report had to be made in the manner indicated, and according to the circumstances prevailing at the time.'' (66 A. L. R. 1230.)

The statute lays down specific alternate steps to be taken where an automobile operator is involved in an accident, namely (1) he must stop and give the required information to the injured party; (2) or to a police officer if he be present and (3) if none be present then to report the same to the nearest police station or judicial officer. The statute does not permit of a departure from the aforesaid procedure, and as previously pointed out, the statute is not complied with if the operator takes step '' three '', if he could have taken step '' two ''. A mandatory statute enacted by the Legislature cannot be changed at the discretion of the offender.

The defendant's third contention is that the People failed to prove intent on his part to violate the statute. The statute is *malum prohibitum,* and therefore, no intent to commit the crime need be established (*Gardner* v. *People,* 62 N. Y. 299). All that is required under the circumstances is to show the intentional doing of the act itself regardless of whether the defendant intended to commit the crime resulting from the intentional act. (*People* v. *Anderson,* 210 App. Div. 59.)

However, even if an actual intent to commit the crime had to be shown, then certainly the facts in this case are sufficient from which such an intent could reasonably be inferred.

His claim that he was physically unable to report the accident is altogether unpersuasive. This is evident from the fact (1) that he ran from the scene of the accident for some distance, arriving at his home in Manhattan by taxi, (2) that the following day he and his mother took a taxicab to visit a doctor at his office; (3) that four days later he again left his home in the company of his mother, taking a cab to the doctor's office. It should also be noted that on the day before he went to the

police precinct, the defendant testified that he walked from his home to the doctor's office and back. If he had any intention of reporting the accident he could just as well have ridden or walked to the nearest police station. Defendant appeared at the police station in Brooklyn after an interval of about fourteen days and then only after the aforesaid fellow passenger came to his home and told defendant the police wanted to see him with respect to the accident. Defendant was not so physically incapacitated that he could not comply with the statute.

I find him guilty.