Argued May 4, affirmed May 31, 1961

## STATE OF OREGON *v.* CLARK

362 P. 2d 335

*Kenneth A. Poole,* Eugene, argued the cause and filed a brief for appellant.

*Marvin J. Weiser,* District Attorney, Dallas, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PER CURIAM.

The defendant appeals from a conviction of rape. The record contains ample evidence to sustain the

conviction. Error is assigned to the giving of the following instruction:

· "At the beginning of this trial you obligated yourselves by your oaths to well and truly try the matter at issue between the State of Oregon and Delvin Robert Clark and a true verdict give according to the law and the evidence as given you upon the trial of this case.

"You have heard the evidence and it now becomes the duty of the Court to instruct you as to the law applicable to the matter under consideration. The jury is the exclusive trier of the facts. It is your duty to take the evidence as it has been given you from the witness stand, and from that evidence ascertain what is the real truth of this situation.

"The duty of the Court is to instruct you as to the law applicable to the case, and it is your sworn duty to follow the law as this Court gives it to you at this time. *If the defendant here is dissatisfied with the rulings of this Court as to the law, he has the right of appeal to the Supreme Court and that Court can correct any mistakes which this Court may make as to the law of the case,* so if you have opinions of your own which conflict with what this Court tells you is the law of the case, you must lay them aside. You obligated yourselves by your oaths to accept the law as I give it to you, and you must do that. I cannot comment on the facts of the case. In other words, I cannot invade your province and you must not invade mine, but we must each perform our respective duties." (Emphasis added.)

The defendant objects to the italicized language. He has brought to our attention a number of well-reasoned decisions from other states, each of which might be said to stand for the proposition that it is prejudicial error to advise a jury that the defendant in a criminal case has the right of appeal. Many of

the cases hold that it is misconduct for the prosecuting attorney to employ such advice in his argument. See, for example, *People v. Linden*, 52 Cal2d 1, 338 P2d 397; *People v. Beggs*, 178 Cal 79, 172 P 152. Others hold that the court may not say anything which might tend to relieve the jury of its grave responsibility in deciding guilt or innocence. See *Holt v. The State*, 2 Ga App 383, 58 SE 511; *Hodges v. The State*, 15 Ga 117 (1854). Contra, *State v. Seaman*, 10 NJ Super 439, 77 A2d 284, cert den. 6 NJ 456. See, also, cases collected in Annotation, 132 ALR 679.

■ The question is one of first impression in Oregon. It is common knowledge among the bar that many of Oregon's ablest trial judges have, for years, employed words similar to those challenged in the case at bar, not with the intent to cause a jury to shirk its responsibility in deciding the facts, but rather with the intent to impress upon the jury its responsibility to accept the law as it comes from the court.

After examining the authorities cited, we are of the opinion that the challenged portion of the instruction should not have been given. It may be debatable whether such words merely tell the jury something they already know, or whether such an instruction indeed could have the tendency supposed by the defendant in this case. Nevertheless, when a jury is told that a higher court will correct any error of law, one or more jurors might erroneously believe that the defendant will have a hearing *de novo* in the Supreme Court. *People v. Silverman*, 252 App Div 149, 297 NYS 449. The possibility of prejudice is sufficient reason to discontinue the practice of giving such an instruction.

■ It does not follow, however, that the present case must be reversed. The record reveals that the chal-

lenged instruction was part of an exceptionally able charge to the jury. We cannot read the record without being impressed with the solemnity of the duty imposed upon that jury and the fairness with which the trial judge conducted the proceedings. It is not every error which justifies reversal. There must be prejudice. *State v. Libbey*, 224 Or 431, 356 P2d 161; *State of Oregon v. Cahill*, 208 Or 538, 293 P2d 169, 298 P2d 214, cert. den. 352 US 895, 77 S Ct 132, 1 L Ed2d 87; *State v. Folkes*, 174 Or 568, 150 P2d 17, cert. den. 323 US 779, 65 S Ct 189, 89 L Ed 622.

■ In reviewing the evidence in the case at bar we cannot say either that there was prejudice in the challenged instruction, or that any inference of prejudice is justifiable. The defendant admitted intercourse but denied force. There was impartial medical evidence as well as other proof of force. On the entire record, we hold that the error in giving the challenged instruction was not reversible.

Affirmed.