Argued April 30, affirmed July 9, 1970

STATE OF OREGON, *Respondent, v.*
DOUGLAS LEE HULSEY, *Appellant.*

471 P2d 812

*A. J. Morris*, Eugene, argued the cause for appellant. With him on the briefs were Frank B. Reid and Bailey, Hoffman, Morris & Van Rysselberghe, Eugene.

*Stephen A. Hutchinson*, Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief were John B. Leahy, District Attorney, and Stephen H. Keutzer, Deputy District Attorney, Eugene.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant was convicted by a jury of the crime generally referred to as felony hit and run. ORS

483.602 (2)(c). He appeals and asserts five assignments of error in his brief. We will consider them seriatim.

■ Defendant demurred to the indictment on the ground that it failed to state a crime. It was overruled. This ruling is the first assignment of error. The indictment in its relevant portions charged that the defendant,

"* * * being the driver of a motor vehicle westbound on Main Street at or near 51st Street, Springfield, Oregon, did then and there become involved in an accident resulting in injury and death to Daniel McGowan, and did then and there wilfully and unlawfully fail immediately to stop said motor vehicle at the scene of said accident or as close thereto as possible and to remain at the scene of the accident and render reasonable assistance to the said Daniel McGowan * * *."

The contention is that the indictment must charge that defendant had knowledge that his vehicle was involved in an accident.

In *State v. Reynolds*, 229 Or 167, 366 P2d 524 (1961), the Supreme Court considered the validity of an indictment charging the identical crime. The court there said:

"Defendant further contends that the indictment is fatally defective for the reason that it is not alleged that the defendant knew that he was involved in an accident resulting in the injury or death of another.

"Assuming, without so deciding, that it is necessary to allege in an indictment that the person accused of violating the provisions of ORS 483.602 knew his vehicle was 'involved in an accident which results in injury or death to any person,' we are of the opinion that knowledge on the part of the

defendant in the case before us is sufficiently alleged.

"An indictment which charges that a person 'unlawfully and feloniously' performed an act is equivalent to alleging that he knowingly did so, and thus supplies the element of knowledge where that element is necessary for averment in the indictment. * * *" 229 Or at 172.

The indictment here charges that the defendant "wilfully and unlawfully" failed to stop as the statute directs. Defendant contends that because this indictment charged "wilfully and unlawfully" instead of "unlawfully and feloniously," it is fatally defective.

ORS 161.010(1) defines:

" 'Wilfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or omission referred to, and does not require any intent to violate law, to injure another or to acquire any advantage."

The word "unlawfully" when used in an indictment has been held to be an adequate substitute for the word "feloniously." *United States v. Amorosa*, 167 F2d 596, 598 (3d Cir 1948). It has also been held when used in an indictment to negative all legal cause for excuse (*State v. Orecchio*, 27 NJ Super 484 (App Div), 99 A2d 595, 598 (1953)), and that the act charged was done with wrongful intent. *United States v. O'Brien*, 255 F Supp 755 (ED Mich 1965), aff'd 365 F2d 601 (6th Cir 1966), vacated and remanded on other grounds 386 US 345, 87 S Ct 1158, 18 L Ed 2d 94 (1967). In *People v. Odom*, 19 Cal App 2d 641, 66 P2d 206 (1937), the court in upholding an indictment using the words "wilfully and unlawfully" as sufficient to charge a viola-

tion of a statute substantially identical to ORS 483.602, said:

> "An information which charges that a person 'wilfully and unlawfully' performed an act is equivalent to alleging that he *knowingly* did so, and thus supplies the element of knowledge of the unlawful act where that element is necessary to be alleged in the pleading. * * *" (Emphasis in original.) 19 Cal App 2d at 646.

See also *State v. Hargon*, 2 Or App 553, 470 P2d 383 (June 11, 1970); *People v. Dallas*, 42 Cal App 2d 596, 109 P2d 409 (1941). We think that under the rule of *State v. Reynolds*, supra, the indictment adequately charged the defendant with a violation of ORS 483.602 (2) (c).

Defendant points to *People v. Putnam*, 323 Mich 374, 35 NW2d 279 (1948). The case, however, is not in point. There the challenged information simply alleged

> "* * * that the defendant, being the operator of a certain motor vehicle, on a public highway, which had become involved in an accident resulting in injury or death to one Wilson Davis, 'did then and there fail to immediately stop the said motor vehicle, so being operated by him, at the scene of such accident * * *.' " 323 Mich at 376.

That information did not allege the act was done wilfully, unlawfully or feloniously. The demurrer here was correctly overruled.

■ The second error asserted relates to the reception over objection of the testimony of a Mrs. Harrington. This lady lived several miles from the place of injury in an apartment which adjoined a gas station but was separated from it by a board fence. Other evidence

established that at about 3 a.m., the defendant and the passenger who had been with him at the scene of the injury were present on the gas station lot. While there, one of the two had phoned an individual who had called the sheriff's office to dispatch an officer to the gas station. The officer went there at that time and found the defendant and his passenger, whose first name was Jeff.

Mrs. Harrington testified that she was aroused by running steps going toward the alley along the fence behind her apartment and went to the window to listen. She testified that while listening to the conversation between two people behind the fence, through which she could not see, she heard the name "Jeff" used by one in addressing the other. She testified that there was a telephone booth at the corner of the station and that the conversation between the two continued until some police vehicles arrived, and that she heard no other voices, except the two she described.

Mrs. Harrington also testified that she could distinguish between the two voices speaking because one was louder and the other one was softer. She also testified that it was the louder voice which used the name "Jeff" in speaking to the other person there.

Thereafter, she testified to the content of the conversation which she heard. The defendant himself while on the stand confirmed all of the circumstances and his own participation in a conversation with his friend Jeff, but denied the content of the conversation as related by the witness. ORS 41.900 allows, in evidence:

"(1)  *  *  *  *  *
"(2) The declaration, act, or omission of a party as evidence against such party.

"(3) A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto.

"* * * * * *"

We think the statements described by the witness as emanating from the louder of the two voices were admissible under subsection (2), and those made by the quieter of the two voices under subsection (3). The evidence of Mrs. Harrington was clearly admissible. It was a question of fact for the jury to determine whether she correctly reported the conversation of the two men. The ruling was correct.

■ The third assignment relates to the following instruction:

"It is no defense to the crime charged in the indictment that the defendant may have surrendered himself voluntarily following the occurrence of the accident, if there was an accident, at a place and time removed from the occurrence of the accident. Such a surrender does not satisfy the requirements of the laws of the State of Oregon, nor absolve one from criminal liability for initially failing to stop at or near the scene."

The defendant excepted on the ground that "it wasn't required" and that it was "a comment on the evidence."

There was direct evidence that the defendant, who, together with his passenger, had been arguing loudly with the victim in the parking lot of the restaurant-bar from which all three had come following the closing hour, not only struck the victim once with his car, knocking him down with a thud which could be heard 100 feet away, but then made a large circle driving by him and drove toward and by him again while he was

lying in the street, and accelerated away at a high rate of speed. There was no evidence that defendant thereafter returned to the scene. This was direct evidence of flight. There was also direct evidence that a substantial time later, from a pay phone several miles away, the phone call previously referred to was made with the approval of the defendant. Under such circumstances the challenged instruction was appropriate, and it did not constitute a comment on the evidence. The essence of the statute is to maximize the protection of one injured in an accident, and thus to require the operators involved to remain at the scene and to "render to any person injured in such accident reasonable assistance." ORS 483.602 (2) (c).

Its import could scarcely be more starkly presented than in the case at bar, for the victim, left lying in the dark of night on the traveled portion of a four-lane highway, was struck and killed by another passing vehicle a few minutes after the defendant left. The assignment is without merit.

■ The fourth assignment challenges the following instruction:

"The just determination of every legal controversy depends upon finding the true facts and applying to those facts the correct legal principles.

"Under our system of jurisprudence the Court decides all questions of law and procedure arising during the trial. And it is the jury's duty to follow the Court's instructions in these matters.

*"If the Court should make a mistake in the law means exist by which it can be corrected.* On the other hand, the jury is the sole and exclusive judge of the facts and of the reliability to be given the testimony of any witness. Its findings as to the facts are final and there is no procedure for correcting any mistakes it may make as to the facts.

"The jury's power, however, is not arbitrary and if the Court instructs you as to the law on a particular subject, or how to judge the evidence, you must follow such instructions." (Italics supplied.)

Defendant excepted because

"* * * it indicates the defendant has a right of appeal and adds nothing to the instruction * * *."

His objection went particularly to the italicized sentence. He relies on *State v. Clark*, 227 Or 391, 392, 362 P2d 335 (1961). There the court instructed:

" 'The duty of the Court is to instruct you as to the law applicable to the case, and it is your sworn duty to follow the law as this Court gives it to you at this time. *If the defendant here is dissatisfied with the ruling of this Court as to the law, he has the right of appeal to the Supreme Court and that Court can correct any mistakes which this Court may make as to the law of the case,* so if you have opinions of your own which conflict with what this Court tells you is the law of the case, you must lay them aside. * * *' " (Emphasis theirs.)

The Supreme Court held:

"* * * [W]e are of the opinion that the challenged portion of the instruction should not have been given. It may be debatable whether such words merely tell the jury something they already know, or whether such an instruction indeed could have the tendency supposed by the defendant in this case. Nevertheless, when a jury is told that a higher court will correct any error of law, one or more jurors might erroneously believe that the defendant will have a hearing *de novo* in the Supreme Court. *People v. Silverman*, 252 App Div 149, 297 NYS 449. The possibility of prejudice is sufficient reason to discontinue the practice of giving such an instruction." 227 Or at 393.

The instruction given in the case at bar neither told the jury that the defendant had a right of appeal from

an error of law, nor certainly did it suggest that he would have a right to "a hearing *de novo* in the Supreme Court," as commented on in *State v. Clark*, supra.

Here it was simply a part of a general instruction which, when viewed as a whole, had as its purpose making the jurors aware that in the trial of every lawsuit the law provides that there are separate responsibilities to be borne by the court from those to be borne by the jury, and that each aspect is regulated by its own procedures. We do not think the instruction, when viewed as a whole, trespasses upon the rule of *State v. Clark*, supra.

We have, however, carefully reviewed the entire charge, and, like the Supreme Court in *State v. Clark*, supra, are "impressed with the solemnity of the duty imposed upon that jury and the fairness with which the trial judge conducted the proceedings."

No prejudice is shown in any event, nor can we say that from the challenged language, and the instructions as a whole, "any inference of prejudice is justifiable." The assignment is rejected.

■ The fifth and last assignment of error is based upon the claim that a unanimous verdict is constitutionally required. *State v. Gann*, 254 Or 549, 463 P2d 570 (1969), holds otherwise. The assignment is without merit.

The judgment is affirmed.