Argued June 22, reversed and remanded for new trial
August 10, 1972

STATE OF OREGON, *Respondent, v.* WILLIAM
RALPH BURRIS (No. C-58062), *Appellant.*

500 P2d 265

*Gerald R. Pullen,* Portland, argued the cause and
filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant William Burris was convicted of failing to stop at the scene of an accident. ORS 483.602. He appeals.

The Burris family, including sundry relatives and in-laws, had a family party on Christmas night and the early morning hours of the day after. The party began at a tavern and, after closing, the group moved to the home of the senior Burris. There the party continued. Some 15 adults were present at the home of the defendant's father.

During the course of the evening a dispute arose between one brother-in-law, Rick Shields, and another, Dennis Silk. Shields was six feet tall and weighed 190. Silk weighed 118. Silk attempted to intervene in an argument between Burris and his wife. The defendant, William Burris, then took Silk outside for a walk. Shortly after, Shields and Chester Burris, father of the defendant, came out of the house. A quarrel again started between Shields and Silk, over Silk's claim that Shields was too friendly with Silk's wife. Silk retreated, picking up a stick. Shields followed. The defendant then told him to get into defendant's car. Silk did so, locking the door. Shields continued to advance as Silk retreated into the Burris car. The defendant got into his car and started it to

get Silk away from Shields. Shields ran in front of it as it started, and either ran into it or was hit by it as it stopped. He jumped up, ran to the side of the car and tried to dive in through a partially opened window as the car again began to move. He fell or was ejected to and struck the pavement. Defendant Burris drove Silk to the home of a sister of Silk. The Burris family members, who of course remained at the scene, immediately called for medical assistance.

The defendant at trial sought to offer testimony showing his awareness of the decedent's reputation as a fighter, and his concern at the time he drove away for the safety of his brother-in-law Silk and of his own.

It was the defendant's theory that he acted reasonably in removing himself and Silk under all the circumstances then and there existing. He made an offer of proof of evidence which, if believed, would have supported that theory.

The state concedes this precise question has not been ruled upon in Oregon and points out that cases from other jurisdictions indicate that failure to remain at the scene of an accident may or may not be excused, depending upon the reasonableness of the driver's apprehension of danger and the seriousness of the accident in question, citing *Isom v. State,* 37 Ala App 416, 69 So 2d 716, 718 (1954); *People v. Pinnock,* 207 Misc 1097, 142 NYS2d 771, 774 (Ct Spec Sess 1955); *State v. Goff,* 79 SD 138, 109 NW2d 256 (1961); *Guadalupe Garcia v. The State,* 131 Tex Crim App 84, 96 SW2d 977, 978 (1936).

██ It contends here, however, that any reasonable anticipation of danger from the deceased ended when he was thrown from the vehicle. We disagree. We

think this was a question of fact which should have been submitted, together with evidence relevant thereto, to the jury.

In *State v. Goff,* supra, the court said:

"While the statute makes no exceptions we are persuaded that the legislature never intended it to apply to one who honestly believed that he was in danger of bodily harm if he stopped at the scene of the accident and performed the acts required of him thereby. A thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. [Citation omitted.] We think this exception must be implied to avoid unjust and absurd consequences. [Citations omitted.] The public policy of this state has long recognized and protected the natural desire of people to avoid violence to their persons.

"* * * * *

"* * * Accordingly we hold that the defendant should have been permitted to show why he was afraid to stop. If the situation was as he claimed it to be, the jury would have been warranted in finding that he was not guilty. * * *" 79 SD at 141-42.

In *State v. Hulsey,* 3 Or App 64, 471 P2d 812 (1970), we pointed out:

"* * * The essence of the statute is to maximize the protection of one injured in an accident, and thus to require the operators involved to remain at the scene and to 'render to any person injured in such accident reasonable assistance.' ORS 483.602 (2)(c)." 3 Or App at 71.

Here, unlike *Hulsey,* it is important to note that the information called for by ORS 483.602 (2)(a) was already fully known by those present, all of whom were members of the family of the defendant, Silk and

Shields. From the evidence all of these persons were at least equally, if not more, concerned with and capable of furnishing necessary assistance to Shields as was the defendant. Thus, there was good reason for him to believe Shields would be cared for, and a primary objective of the statute complied with.

Reversed and remanded for a new trial.