Argued and submitted April 3, judgment of Court of Appeals reversed, judgment of trial court reversed and remanded to trial court with directions December 4, 1984

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# L. T. MARTIN,
*Petitioner on Review.*

(TC M176267; CA A25726; SC S30304)

691 P2d 908

Richard S. Pope, Portland, argued the cause and filed the brief for petitioner. With him on the brief were Spears, Lubersky, Campbell & Bledsoe, and Michael J. Lilly, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause and filed the brief for Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

The defendant was charged with and convicted of failure to perform the duties of a driver involved in an accident, ORS 483.602. In his appeal to the Court of Appeals one of his assignments of error was that the trial judge denied his motion for acquittal. The Court of Appeals affirmed without opinion. *State v. Martin,* 65 Or App 814, 671 P2d 1211 (1983). We granted review primarily to evaluate the statute involved in this case. We reverse and remand to the trial court for entry of judgment of acquittal.

On December 3, 1981, at about 6:45 a.m., defendant, a parking lot attendant at a downtown Portland parking lot, was in the process of parking a car.[1] The complainant pulled her car into the lot behind defendant, stopped and turned off her lights. Defendant accidently backed the car he was parking into the front of complainant's car, causing some damage to her car. There were no personal injuries as a result of the accident.

We view the testimony in the light most favorable to the state. The complainant twice asked defendant for information required by ORS 483.602(2)(a) and (b). Defendant told her that he did not have time right then to talk. It was the beginning of the morning rush hour for parking. Complainant testified there were already three or four cars waiting to be parked when she arrived at the lot. Defendant was the sole attendant at the lot.

Complainant then got back into her car and drove out of the parking lot without identifying herself or her passenger or leaving any information. Complainant worked across the street from the parking lot and testified that she expected defendant to be there when she came back and did not think that he would leave.

A short while later she returned with two police

---

[1] ORS 483.602 is classified as a major traffic offense by ORS 487.530(3) and therefore applies to all premises that are open to the general public. ORS 486.535. In *State v. Mulder,* 290 Or 899, 629 P2d 816 (1981), we indicated that this may include private parking lots and clearly was meant to include public parking lots. The evidence in this case shows that although the parking lot was privately owned, it was open to the public.

officers. One of the police officers asked defendant for information about the accident, defendant told the officer that he didn't have time to talk right then. He was ultimately charged with failure to perform the duties of a driver involved in an accident. ORS 483.602(4)(b).

Two to three minutes elapsed from the time the police arrived to the time they transported the defendant from the lot to the police station. The arrest was made about 7:00 a.m., 15 minutes after the accident.

■ At issue is whether ORS 483.602 applies to a person involved in an accident causing only property damage to another vehicle when that person does not leave the scene of the accident but does not immediately provide the information required by statute. The pertinent parts of the statute are as follows:

"(1) The driver of any vehicle involved in an accident which results in injury or death to any person or causes damage to a vehicle which is driven or attended by any person, immediately shall stop such vehicle at the scene of the accident, or as close thereto as possible, and *shall remain at the scene of the accident until the driver has fulfilled the requirements* of subsection (2) of this section. Every such stop shall be made without obstructing traffic more than is necessary.

"(2) The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to any such vehicle shall:

"(a) Give to the other driver or surviving passenger, or any person not a passenger injured as a result of such accident, the name, address and the registration number of the vehicle which the driver is driving, and the name and address of any other occupants of such vehicle.

"(b) Upon request and if available, exhibit and give the number of the operator's or chauffeur's license of the driver to the person injured, or to the occupant of or person attending any vehicle damaged.

"* * * * *

"(4) * * *

"(b) A driver involved in an accident which results only in damage to a vehicle which is driven or attended by any other person and who fails to perform the duties required

under subsection (1) of this section commits a Class A misdemeanor." (Emphasis added.)

The only reported cases involving ORS 483.602 are cases in which defendants left the scene of an accident without giving required help or information. *State v. Eastman,* 292 Or 184, 637 P2d 609 (1981); *State v. Reynolds,* 229 Or 167, 366 P2d 524 (1971). *See also State v. Corpuz,* 49 Or App 811, 621 P2d 604 (1980); *State v. Burris,* 10 Or App 297, 500 P2d 265 (1972); *State v. Hulsey,* 3 Or App 64, 471 P2d 812 (1970).

It is defendant's contention that because he did not leave the scene of the accident, he did not and could not violate ORS 483.602 as the statute is clear and unambiguous and requires only that a person not leave until the required information has been given. He cites *Monaco v. U.S. Fidelity and Guarantee Co.,* 275 Or 183, 550 P2d 422 (1976) for the proposition that a statute that is clear on its face cannot be interpreted differently.

In *Monaco v. U.S. Fidelity and Guarantee Co., supra,* the court, in discussing the interpretation of a statute, stated:

"Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent. *Lane County v. Heintz Construction Co., et al,* 228 Or 152, 157, 364 P2d 627 (1961)." 215 Or at 188.

The language of ORS 483.602 is clear. A person involved in an accident must immediately stop at the scene of the accident and must remain there until certain requirements are met.

There is no legislative history on file that pertains to the policy reasons behind ORS 483.602. However, it seems clear that the individual and public interest behind ORS 483.602(4)(b) is to penalize a driver who attempts to escape his financial responsibility for damage or attempts to escape criminal or civil prosecution by fleeing the scene of an accident without giving the required information to the other party.

Defendant was charged with a violation of ORS 483.602(4)(b). That subsection requires that a person perform

the duties required under subsection (1). Subsection (1) of ORS 483.602 requires that the driver stop and *"remain at the scene* of an accident *until the driver has fulfilled the requirements of subsection (2)."* Subsection (2) merely lists the information that must be given *before a person involved in an accident leaves the scene of the accident.* A failure to perform the requirements of subsection (2) does not constitute a violation standing alone.

It is clear that the evil the legislature focused on is what has become commonly known as "hit and run" because subsection (4)(b) provides that a violation cannot occur unless subsection (1) is violated. "But the court is not authorized to extend the language of the law beyond its natural meaning to accomplish salutary ends, for that would be to legislate and not to construe." *Union Pacific Railroad Co. v. Anderson,* 167 Or 687, 697, 120 P2d 578 (1941). ORS 174.010 directs us, in construing a statute, "to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted * * *."

Defendant did not leave the scene of the accident, complainant did. The legislature did not choose to cover defendant's acts in its legislative scheme.

Reversed and remanded to the trial court for entry of judgment of acquittal.