**STATE of Missouri, Respondent,**

v.

**Paul Douglas PORTER, Appellant.**

No. 50298.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 18, 1986.

Motion for Rehearing and/or Transfer,
Denied May 6, 1986.

Application to Transfer Denied
June 17, 1986.

Rose Ann Feldman, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Burglary conviction. Defendant contends it was based wholly on circumstantial evidence.

The trial court sentenced him as a prior felon to 15 years in prison.

Here defendant contends the trial court erred by refusing his wholly circumstantial evidence instruction MAI–CR 3.42. This he argues because no witness saw him enter or leave the owner's house. To this the State responds the evidence was not wholly circumstantial. This, because its witnesses testified a burglar had been in the victim's occupied home and they saw defendant as he was leaving the home carrying the victim's property.

We relate the testimony pertinent to defendant's point. On a holiday afternoon the victim's husband, her son and two daughters were lounging on the front porch. The victim herself was upstairs when she heard her back porch screen door open and close. She twice called "Who's in the Kitchen?". Getting no response she went to the front porch and told her son. Going back inside the house she saw her purse and a tape recorder were missing; later she found these abandoned in the backyard. Meanwhile the son had promptly gone outside to the back of the house. There, from a distance of ten feet he saw defendant come off the back porch steps carrying a radio and lady's purse. Dropping these, defendant ran and had climbed a fence when the son caught and held him for the police. The older daughter had also gone to the rear. She testified that from a twelve-foot distance she saw defendant coming off her mother's back steps carry-

ing a purse and radio. All three witnesses identified defendant in court.

Defendant offered no evidence.

Here defendant contends the test for sustaining a conviction is more stringent in a circumstantial case, citing *State v. Stapleton*, 518 S.W.2d 292 (Mo.banc 1975). He contends when a State's case is wholly circumstantial the trial court must give the instruction here refused.

Defendant's argument is not supported by the evidence. It warranted the refusal of defendant's instruction because the evidence was more than merely circumstantial. It showed defendant was seen leaving the occupied dwelling carrying the owner's personal property. That went beyond defendant's contention the evidence was wholly circumstantial.

*State v. Baldwin*, 571 S.W.2d 236[6] (Mo. banc 1978) refutes this defendant's contention ruling:

"Where the evidence ... is partially direct and partially circumstantial, it is not necessary to give a circumstantial evidence instruction and the test as to submissibility is not that of a purely circumstantial evidence case. In deciding submissibility we accept the State's evidence as true and give the State the benefit of all reasonable inferences deductible therefrom."

We followed *Baldwin* in *State v. Urhahn*, 621 S.W.2d 928[8, 9] (Mo.App. 1981).

Affirmed.

SMITH, P.J., and SATZ, J., concur.