Argued and submitted February 28, affirmed July 8, 1992

## STATE OF OREGON,
*Appellant,*

*v.*

## RONALD DANIEL BURTON,
*Respondent.*

(91-C-20511; CA A69982)

834 P2d 477

Louis R. Miles, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals a pretrial order sustaining defendant's demurrer to the first count of an information[1] that charged him with failure to perform the duties of a driver, ORS 811.705, referred to as "felony hit and run." We affirm.

The count charged defendant with being the driver of a vehicle involved in an accident that resulted in the "immediate death" of a victim. It alleged that defendant unlawfully failed to render reasonable assistance "including the making of arrangements for the conveying of [the victim] to a physician, surgeon and hospital for medical and surgical treatment, it being apparent that such treatment was necessary."

The trial court sustained the demurrer on the apparent ground that a dead person is beyond needing assistance and, therefore, defendant could not violate the statute, because the other driver had died immediately. The state did not charge defendant with failing to stop or failing to perform the other duties that are mandated by ORS 811.705(1) in subsections (a) through (d). Instead, the charge was based solely on subsection (e).

ORS 811.705 provides, in part:

"(1) A person commits the offense of failure to perform *the duties of a driver to injured persons* if the person is the driver of any vehicle involved in an *accident that results in injury or death* to any person and does not do all of the following:

"* * * * *

"(e) *Render to any person injured in the accident reasonable assistance*, including the conveying or the making of arrangements for the conveying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by any injured person." (Emphasis supplied.)

The state points out that the statute applies to "any person injured in the accident" and does not contain an exception for injuries that cause death. It argues that every driver involved

---

[1] Defendant executed a waiver of indictment by which he agreed to be tried in circuit court on the district attorney's information.

in an injury accident must stop and render assistance, whether the injury is immediately fatal or not.

ORS 811.705(1) imposes certain duties on the driver of "any vehicle involved in an accident that results in injury or death." Thus, the legislature contemplated fatal and non-fatal accidents and made the duties applicable to both. The statute also requires that "reasonable assistance" be provided to "any person injured in the accident." ORS 811.705(1)(e). Because the term "injured" is unqualified, there is no suggestion that it was intended to exclude persons who are fatally injured. The statute also requires drivers to provide reasonable assistance, "including" conveying injured persons to a physician, surgeon or hospital, if medical treatment is necessary or requested. The inclusive language of that provision indicates that other types of assistance may be reasonable under different circumstances. Conveyance to a medical facilty is only an example of "reasonable assistance."

Given that both fatal and non-fatal accidents are within the purview of ORS 811.705, the issue is whether it is possible to render "reasonable assistance" to a person who suffered immediate death in an accident. In *State v. Hulsey*, 3 Or App 64, 471 P2d 812 (1970), which examined the predecessor of ORS 811.705,[2] evidence indicated that the defendant had intentionally struck the victim with his car and had driven away. In affirming the conviction, we wrote:

> "The essence of the statute is to maximize the protection of one injured in an accident, and thus to require the operators involved to remain at the scene and to 'render to any person injured in such accident reasonable assistance.'

> "Its import could scarcely be more starkly presented than in the case at bar, for the victim, left lying in the dark of night on the traveled portion of a four-lane highway, was struck

---

[2] *Former* ORS 483.602(2) provided, in part:

"The drivers of any vehicles involved in an accident resulting in injury or death to any person or damage to any such vehicle shall:

"* * * * *

"(c) Render to any person injured in such accident reasonable assistance, including the conveying or the making of arrangements for the conveying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by any injured person."

and killed by another passing vehicle a few minutes after the defendant left." 3 Or App at 71.

Although the statute has since been amended and renumbered, its purpose has not changed. It requires a driver to do what is reasonable to help an accident victim.[3]

Although the charging instrument in this case alleges that "medical and surgical treatment * * * was necessary," it pleads a complete defense that the victim died immediately, *i.e.*, nothing could have been done to preserve his life. ORS 135.630(5). If it had not included that allegation, the demurrer would have been overruled and it would have been a question of fact whether defendant had violated the statute.

Affirmed.

---

[3] We will not assume that a driver is capable of accurately determining that a victim is, in fact, dead. *See State v. Miller*, 300 Or 203, 229, 709 P2d 225 (1985).