LANDAU, S. J., concurring.
I agree with the majority that there is no basis for the trial court's decision to limit the questioning of the radiologists. Nothing in the text of ORCP 36 supports it; in fact, the text of the rule requires the contrary result. Nor does Stevens v. Czerniak , 336 Or. 392, 84 P.3d 140 (2004), compel such a limit on deposition questioning.
I write separately to raise the question whether Stevens was correctly decided in the first place. With heartfelt respect for my colleagues who decided that case, I don't understand how it squares with basic principles of statutory construction. In my view, Stevens was wrongly decided, and the court should reconsider it.
ORCP 36 B provides that,
"[u]nless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
"B(1) In general . For all forms of discovery, parties may inquire regarding any matter, not privileged, that is relevant to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]"
So, in a nutshell, ORCP 36 B provides that parties can ask about "any matter, not privileged," that is "relevant" to a claim or defense unless the rules themselves specify a limitation.
The rules do provide some such limitations. For instance, ORCP 36 B(2) spells out limitations concerning discovery of insurance agreements or policies. And ORCP 36 B(3) enumerates limitations on discovery of trial preparation materials.
**574 Nothing in the Oregon Rules of Civil Procedure, however, imposes any limitation on discovery of expert witnesses. Under the plain and unambiguous terms of ORCP 36 B(1), discovery of experts is permitted as long as it regards "any matter, not privileged," that is "relevant" to a claim or defense. It's really that simple.
In Stevens , the court acknowledged that the text of ORCP 36 B(1) appears to countenance expert discovery so long as it's relevant and not privileged. 336 Or. at 401, 84 P.3d 140. The court nevertheless held that the rule, "in context," is better read to preclude expert discovery. Id. That "context" consisted of two bits of enactment history.
First, the court noted that the version of ORCP 36 that the Council on Court Procedures originally submitted included a provision expressly requiring, on request, the disclosure of the name of a party's expert and the substance of the expert's expected testimony. Id. at 401-02, 84 P.3d 140. The court noted that the legislature, in adopting the rule, deleted that provision. Id.
Second, in a related vein, the court observed that ORCP 36 was patterned after Federal Rules of Civil Procedure 26, "with one major exception." Id. at 402, 84 P.3d 140. The court explained that, while the federal rule explicitly authorizes expert discovery, the state rule that the legislature adopted did not. Id. "The presence of a specific provision authorizing expert discovery in FRCP 26 and the omission of a similar provision in ORCP 36," the court reasoned, "suggest that Oregon intended to depart from the federal model and not authorize expert discovery." Id .
The court also observed that the legislative history of the adoption of the rule included testimony complaining about the costs of expert discovery. Id. at 404, 84 P.3d 140. That *425 led the court to infer that the legislature's deletion of the Council's proposed expert discovery provision was intentional and based on a policy choice not to permit it. Id .
I accept for the purposes of argument that, as the court suggested in Stevens , the legislature purposely omitted the Council's suggested provision authorizing expert discovery. What the court in Stevens overlooked, though, is the fact that the removal of the expert-discovery provision left **575 ORCP 36 B(1) perfectly intact. And that rule states that discovery is permitted "regarding any matter, not privileged," unless some other rule imposes a limit. As I've already noted, no other rule imposes a limit on expert discovery.
The court itself in Stevens created such a limitation, but not based on anything that the Oregon Rules of Civil Procedure actually say. It bears some emphasis that the court didn't derive its expert-witness limitation from the wording of ORCP 36 B or any other provision of the Oregon Rules of Civil Procedure. Instead, it fashioned the additional limitation on ORCP 36 B(1) based solely on the legislative history of the rule, which revealed what the legislature had chosen not to enact.
Doing that contradicts the plain wording of ORCP 36 B(1) itself, which says that it is subject only to limitations in the rules , not limitations that the courts create on their own. Aside from that, the court's reasoning ignores fundamental, long-settled rules of statutory construction-rules that preclude courts from giving legal effect to legislative intentions that don't find support in the text of enacted legislation.
The idea that courts are constrained to interpret only enacted legislative text is reflected in the legislature's own rules, which date back to the Deady Code of 1862. Those rules provide that our role in construing statutes is to take them as we find them, "not to insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010 ; see also, e.g. , Wyers v. American Medical Response Northwest, Inc ., 360 Or. 211, 221, 377 P.3d 570 (2016) ("We are obligated to take a statute as we find it.").
That rule more recently was given constitutional significance in State v. Gaines , 346 Or. 160, 171, 206 P.3d 1042 (2009), in which the court explained that
"[o]nly the text of a statute receives the consideration and approval of a majority of the members of the legislature, as required to have the effect of law. Or. Const., Art. IV, § 25. The formal requirements of lawmaking produce the best source from which to discern the legislature's intent, for it is not the intent of the individual legislators that governs, but the intent of the legislature as formally enacted into law:
**576 " '[N]ot only is it essential that the will of the law-makers be expressed, but it is also essential that it be expressed in due form of law; since nothing is law simply and solely because the legislators will that it shall be, unless they have expressed their determination to that effect, in the mode pointed out by the instrument which invests them with the power, and under all the forms which that instrument has rendered essential.'
"Thomas M. Cooley, A Treatise on the Constitutional Limitations 130 (1868)."
Legislative history, the court emphasized, may be consulted to inform the meaning of the words actually enacted into law. Id. at 172, 206 P.3d 1042. But it does not have the effect of creating law by itself. If the legislature's intentions as revealed in the legislative history do not find expression in the text of the law, that legislative history is of "no weight" at all. Id . at 173, 206 P.3d 1042.
The idea that the legislature's intentions must find expression in "due form of law" has been applied by this court in quite a number of decisions. The Oregon Supreme Court, in fact, has repeatedly concluded that, even if the legislative history indicates a contrary intention, courts are bound to follow the text of the law actually enacted. As the court explained in Monaco v. U.S. Fidelity & Guar ., 275 Or. 183, 188, 550 P.2d 422 (1976), "[w]hatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better *426 serve what the court feels was, or should have been, the legislature's intent." See also Bauder v. Farmers Ins. Co. , 301 Or. 715, 721-22, 725 P.2d 350 (1986) (quoting Monaco ); Staiger v. Burkhart , 299 Or. 49, 53, 698 P.2d 487 (1985) (same); State v. Martin , 298 Or. 264, 268, 691 P.2d 908 (1984) (same).
In this case, the legislative history may well indicate that the legislature believed it was foreclosing expert witness discovery. But the legislature never translated that intent into operational language. To the contrary, the only statutory language that it enacted was ORCP 36 B(1), which permits discovery of "any matter, not privileged" that is **577 relevant to a claim or defense. Stevens never explained-and I'm at a loss to understand-how a rule that permits discovery of "any matter, not privileged," can be construed to refer to "any matter other than expert testimony , not privileged."
To be sure, I may fairly be accused of taking a rather "textual" approach to statutory construction. That is because, as I have just described, this court's case law has long adopted just such an approach. Certainly, there are other possible ways to go about interpreting statutes. If the court wishes to entertain them, all well and good. But it can't do so without upending quite a bit of precedent.
I'm also well aware that it has widely been assumed by the bench and bar that Oregon law doesn't permit expert discovery, as the dissent correctly observes. But a widely shared assumption doesn't drive the court's interpretation of statutes. Fairly reading the words that the legislature has enacted into law does.
Personally, I don't have strong feelings about whether Oregon should permit expert discovery. There are perfectly valid arguments for and against the practice of expert discovery. I do have strong feelings about the way the court interprets this state's statutes and the extent to which it remains faithful to the rules that it has articulated for doing so. Stevens was not decided in accordance with those rules and should be reconsidered. In the meantime, if the Council on Court Procedures and the legislature wish to impose limitations on expert discovery, they should take steps to say so in the terms of the Oregon Rules of Civil Procedure.